**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

BRANDON DANNER PLAINTIFF

V. 3:21-CV-00150-DPM-JTR

GREENE COUNTY DETENTION CENTER;
TAMMY GLENN, Head Nurse, Green
County Detention Center; and DOES DEFENDANTS

**RECOMMENED DISPOSITION**

The following Recommended Disposition has been sent to United States District Judge D. P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On August 4, 2021, Plaintiff Brandon Danner ("Danner") and eleven other prisoners[1] in the Greene County Detention Center ("GCDC") jointly filed a single

---

[1] Evander Young, Joseph Stevenson, Robert L. Walker, Noah Johnson, Jr., Raymundo Marin Quevado, Jamye Dougan, John Rayburn, Franciso Mareno, Kenneth Carter, Sandy Gardner, III, and Theodis Diyson.

*pro se* § 1983 Complaint alleging that Defendants violated their constitutional rights. *Doc. 1*. Following the Court's general practice, the Clerk opened separate § 1983 actions for each of these 12 Plaintiffs, who were directed to pay the $402 filing fee, in full, *or* file their own Motion for Leave to Proceed *In Forma Pauperis* ("IFP").[2] *Doc. 2*. Danner complied by filing an IFP Motion, which was granted on September 30, 2021.[3] *Doc. 6*.

In the Court's March 31 Order screening Danner's claims,[4] several deficiencies with the Complaint were noted and Danner was allowed thirty (30) days to file an Amended Complaint providing the missing information essential for him to state an actionable § 1983 claim: (1) the names of each Defendant who was personally involved in violating his constitutional rights; (2) *how* each of those Defendants *personally participated* in violating his constitutional rights, including dates, times, and places where those violations occurred; (3) *the constitutional right*

---

[2] *See Doc. 2* in Case Nos. 3:21-cv-00145 through 3:21-cv-001156.

[3] Of the twelve prisoners who originally initiated this action, only three—Danner, Joseph Stevenson, and Noah Johnson, Jr.—complied with the Court's Order by filing an IFP Motion. The other 9 Plaintiffs had their cases dismissed, without prejudice, for failure to prosecute.

[4] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

he believes each Defendant violated; (4) how *he* was *physically* harmed by each of the allegedly unconstitutional conditions of confinement in the GCDC; (5) *why* he asserted his claims against Defendants in both their individual *and* official capacities; and (6) whether, at the time of the incidents alleged in the Complaint, he was a pretrial detainee (in jail and still awaiting trial on pending charges) or a convicted prisoner (a prisoner who has plead guilty or been found guilty and is awaiting sentencing or is currently serving a sentence). *Doc. 8 at 4-5.* Importantly, the March 31 Order cautioned that, if he elected not to file an Amended Complaint providing the missing facts and allegations, the Court would proceed to screen his Complaint, and would likely, in doing so, conclude it should be dismissed, without prejudice, for failing to state a claim for relief. *Id. at 5.*

Danner has not filed an Amended Complaint, and the time to do so has long since passed. Accordingly, the Court will now screen the claims as asserted by Danner in his Complaint.

## II. Discussion

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions

devoid of further factual enhancement" are insufficient to plead a viable claim for relief. *Id.* Instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Further, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" *Id.* at 676.

Danner's Complaint contains only the following vague and factually unsupported allegation:

> The actions of jail administration and medical staff collectively create an environment of "Deliberate Indifference" to the serious medical needs of inmates being housed in the Greene County Jail. Furthermore this lack of care and the placing inmates at great risk (including exposure to harsh chemical propellant "Aresol," [sic] 6 days in unit without air conditioning during heatwave temperatures at 105 [degrees] heat index, staff members not wearing mask during Covid-19 outbreak) violate the 8th Amendment protection from cruel and unusual punishment.
>
> Also, Inmates do not receive proper medication, dental care, or psychological treatment while being housed in Greene County. Review camera from July 22-28 dorm North 6.

*Doc. 1 at 4*.

These claims, which are nothing more than "naked assertions devoid of further factual enhancement," are insufficient to plead a viable cause of action under § 1983. *Iqbal*, 556 U.S. at 678.

For example, Danner's Complaint names only Head Nurse Tammy Glenn ("Glenn"), the GCDC, and "all jail administrative staff[,] medical staff … [and] employees of the [GCDC]" as Defendants. *Doc. 1 at 1-2*. While Danner specifically names Glenn as a Defendant, he makes no explicit claim against her, and provides no facts to support how she was personally involved in violating his constitutional rights. *See Iqbal*, 556 U.S. at 676 (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Accordingly, as a matter of law, Danner has failed to state a cognizable constitutional claim against Glenn.

Similarly, Danner's claims against "all staff and employees" of the GCDC cannot survive because he has not named or otherwise identified any of those individuals or made any effort to explain how *each of them* was personally involved in violating his constitutional rights. *Id*.

Danner's claims against the GCDC also fail, as a matter of law. It is well settled that as a county detention facility, GCDC is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski County Detention Facility*, 278 F. App'x 695, 695 (8th Cir. 2008).

Finally, Danner cannot bring claims on behalf of other GCDC inmates. *Stanko v. Brewer*, 853 F. App'x 41, 42 (8th Cir. 2021) ("[A]n inmate cannot bring claims on behalf of other prisoners."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

Accordingly, Danner's Complaint should be dismissed, without prejudice, for failure to state a claim. Additionally, the dismissal of this action should count as a strike against Danner. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice.").

**III. Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Danner's Complaint be DISMISSED, WITHOUT PREJUDICE.

2. The dismissal count as a "strike" for purposes of 28 U.S.C.§ 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 23rd day of August, 2022.

J. Thomas Ray

UNITED STATES MAGISTRATE JUDGE